UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RYAN NOAH SHAPIRO, )
)
              PLAINTIFF ) Civil Action No. 1:14-cv-19 (CRC)
vs. )
)
CENTRAL INTELLIGENCE AGENCY, )
)
)
             DEFENDANT )
)

## MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff respectfully moves for partial summary judgment.

    /s/ Jeffrey Light
     Jeffrey L. Light
     D.C. Bar #485360
     1712 Eye St., NW, Suite 915
     Washington, DC 20006
     (202)277-6213
     Jeffrey@LawOfficeOfJeffreyLight.com

     *Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN NOAH SHAPIRO,<br><br>              PLAINTIFF<br>vs.<br><br>CENTRAL INTELLIGENCE AGENCY,<br><br>              DEFENDANT | Civil Action No. 1:14-cv-19 (CRC) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**STATEMENT OF FACTS**

In Defendants' July 25, 2014 Status Report [ECF dkt: 15], the DIA indicated that it was "in the process of determining the exact number of records **and will be able to provide an updated schedule for processing and releasing materials to Plaintiff in the next status update**" (emphasis added). In the next status update, however, the DIA did not provide an updated scheduled for processing and releasing materials to Plaintiff. Instead, in the September 10, 2014 Status Report [ECF dkt: 17], the DIA reported that "While attempting to retrieve these digitized records from its new system, the DIA has encountered technical difficulties, **which it hopes to resolve soon**" (emphasis added). Six weeks later, the DIA reported in its October 24, 2014 Status Report [ECF dkt: 18] "that the search for and identification of responsive records **continues despite continuing technical difficulties** with a new document management system recently introduced at the agency" (emphasis added). In Defendants' December 8, 2014 Corrected Status Report [ECF dkt: 21], the DIA indicated that it was "**close to resolving** the

2

technical difficulties relating to identifying responsive records, and that it **is moving on to the more substantive task of identifying those records**" (emphasis). In its most recent Status Report [ECF dkt: 22], the DIA indicated that it is "sorting through the initial 14,000 potential hits to identify documents that are actually responsive[.]"

Although the DIA had indicated in each of its Status Reports that it was willing to make interim releases, this case was pending for over a year before a single page of responsive records had been released (or apparently processed for release). In response to Defendant's last status report, Plaintiff described the DIA's foot-dragging and suggested that it would be appropriate for the Court to consider imposing concrete deadlines for production. Plaintiff further indicated that if the Court deemed it necessary, Plaintiff would file a dispositive motion to obtain relief from the DIA's delay.

On March 3, 2015, the DIA made its first interim release. However, the DIA only processed 262 pages at that point. [ECF dkt: 25.] In its status report to the Court, Defendant indicated that the DIA expected that it would continue at that pace. [ECF dkt: 25.] A subsequent letter from the DIA dated April 3, 2015 indicated that the DIA determined 321 records are responsive to Plaintiff's FOIA request, but those records had not been processed. Thus, in the month since the first interim release, the DIA has not processed any document for release. It released no documents and claimed no exemptions supporting the withholding of any documents.

**ARGUMENT**

In response to a Freedom of Information Act (FOIA) request, an agency must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall

immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination[.]" 5 USC § 552(a)(6)(A)(i). In "unusual circumstances," the deadline may be extended for up to ten additional working days. 5 USC § 552(a)(6)(B)(i). In "exceptional circumstances," a court may "allow the agency additional time to complete its review of the records," but only upon a showing that the agency "is exercising due diligence in responding to the request[.]" 5 USC § 552(a)(6)(C)(ii).

Here, it is undisputed that the DIA did not make a determination as to whether to comply with Plaintiff's FOIA request during the twenty working day period, as required by statute. Nor has Defendant availed itself of the provision governing "unusual circumstances" – though even if it had, the ten additional working day period would long since have elapsed. Thus, the only way that Defendant can receive additional time to process Plaintiff's request is under the exceptional circumstances-due diligence test of 5 USC § 552(a)(6)(C)(ii). This "safety valve" provision allows an agency to receive a stay of proceedings, commonly referred to as an *Open America* stay, named after *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976).

Defendant has not moved for an *Open America* stay. At the same time, Defendant indicated in its January 2015 status report that it will not complete processing the requested records for at least two years. [ECF dkt: 22.] Plaintiff thus moves for summary judgment to compel Defendant to comply with FOIA.

This Court has addressed similar cases before. Faced with a motion for partial judgment on the pleadings which the Court construed as a motion for summary judgment, this Court granted judgment to a FOIA requester as to the timeliness of the agency's

response in *Nat'l Sec. Archive Fund, Inc. v. United States Dep't of the Air Force*, 2006 U.S. Dist. LEXIS 21037 (D.D.C. Apr. 19, 2006) (hereinafter "*NSAF*"). After concluding that without a showing of due diligence and exceptional circumstances, the "agency is not entitled to additional time to respond," the Court then turned to the "more difficult problem of fashioning a satisfactory remedy." *Id.* at *17. The "real issue" for the Court was "not *whether* the [agency] has violated FOIA as partially alleged . . . but *what* should now be done to remedy those wrongs." *Id.* at *19 (emphasis in original).

Upon finding that Plaintiff is entitled to summary judgment, this Court should follow the remedy applied in *NSAF* by setting a date certain for a status conference, ordering the parties to meet and confer prior to that date, and ordering the agency to present in person at the status conference an official of sufficient rank to have the ability to order that things be done and to achieve results. *Id.* at *19 (court set "a date certain for a status conference, order[ed] the parties to meet and confer prior to that date, and order[ed] the Air Force to present in person at the status conference an officer of sufficient rank over the 11th Communications Squadron to have the ability to order that things be done and to achieve results.")

## CONCLUSION

Plaintiff has been patient, but believes at this point that the glacial pace at which DIA has been proceeding requires judicial intervention. Thus, Plaintiff is filing this dispositive motion, seeking a declaration that the DIA is in violation of its FOIA obligations and requesting the court to (1) set a date certain for a status conference (2) order the parties to confer prior to that date, and (3) order the DIA to present in person at the status conference

an officer of sufficient rank to have the ability to order that things be done and to achieve results.

                                                                  /s/ Jeffrey Light
                                                    Jeffrey L. Light
                                                    D.C. Bar #485360
                                                    1712 Eye St., NW, Suite 915
                                                    Washington, DC 20006
                                                    (202)277-6213
                                                    Jeffrey@LawOfficeOfJeffreyLight.com

                                                    *Counsel for Plaintiff*