**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RYAN NOAH SHAPIRO,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL INTELLIGENCE AGENCY *et. al.*,<br><br>Defendants. | ) | Civil Action No. 14-019 (CRC)<br><br>ECF |

**ANSWER**

Defendants FBI and DIA, by and through their undersigned counsel, hereby answer plaintiff's Complaint as follows:[1]

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

The information that plaintiff seeks in his Freedom of Information Act ("FOIA") request is exempt from disclosure under FOIA, 5 U.S.C. § 552.

[1] Defendants NSA and CIA are filing separate dispositive motions. Should the Court deny those motions, NSA and CIA will answer the complaint within 14 days of that order, unless the Court specifies otherwise.

DEFENDANTS' RESPONSES TO THE NUMBERED PARAGRAPHS

In response to the unnumbered and numbered paragraphs of the Complaint, FBI and DIA admit, deny, or otherwise aver as follows:

1. FBI and DIA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph regarding Plaintiff's residence.

2. FBI and DIA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. This paragraph consists of plaintiff's characterization of this action, which does not require an answer, but insofar as an answer is deemed required, deny.

4. This paragraph consists of plaintiff's characterization of the CIA, which has filed a separate dispositive motion. CIA will answer plaintiff's complaint promptly should its motion be denied.

5. This paragraph consists of plaintiff's characterization of the CIA, which has filed a separate dispositive motion. CIA will answer plaintiff's complaint promptly should its motion be denied.

6. DIA admits.

7. DIA admits.

8. DIA generally denies, but refers to its ongoing releases for their contents.

9. FBI admits.

10. FBI admits that it is a component of the U.S. Department of Justice, but avers that the proper party defendant is the DOJ, under 5 U.S.C. § 552(f)(1).

11. FBI generally denies, but refers to its ongoing releases for their contents.

12. NSA will respond to the complaint in the event its dispositive motion is denied.

13. NSA will respond to the complaint in the event its dispositive motion is denied.

14. This paragraph contains plaintiff's description of his lawsuit, to which no response is required.

15. This paragraph contains plaintiff's legal conclusion with respect to jurisdiction, to which no response is required.

16. This paragraph contains plaintiff's legal conclusion with respect to venue, to which no response is required.

17-20. FBI and DIA lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs. To the extent that the allegations require a response, FBI and DIA deny.

21. FBI and DIA admit that, on December 11, 2013, plaintiff sent to them FOIA requests seeking copies of records with respect to Mandela. FBI and DIA refer to those requests for their contents. FBI and DIA admit plaintiff requested expedited processing and a fee waiver.

22-25. These paragraphs pertain only to CIA, which will answer plaintiff's complaint in the event its dispositive motion is denied.

26. DIA admits it received plaintiff's request. To the extent this paragraph describes NSA's receipt of plaintiff's request, NSA will answer the complaint in the event its dispositive motion is denied.

27. DIA admits.

28-29. DIA admits that it mailed to plaintiff a letter on January 2, 2014, and it refers to that letter for its contents. DIA admits that it denied plaintiff's request for expedited processing.

30. DIA admits that plaintiff mailed to DIA a letter on January 7, 2014, and it refers to plaintiff's letter for its contents.

31. DIA admits it received plaintiff's letter on January 9, 2014.

32. DIA admits that it sent to plaintiff a letter dated January 14, 2014, and it refers to that letter for its contents.

33. DIA admits that it did not respond to plaintiff's appeal within 20 business days of January 9, 2014.

34. DIA admits that, because plaintiff filed a civil claim, it did not resolve plaintiff's appeal.

35. FBI admits that it sent a letter acknowledging receipt of plaintiff's request on December 19, 2013. Otherwise, FBI denies.

36. FBI admits that it assigned said request FOIPA request number 1244373-0.

37. FBI Admits that, by letter dated December 19, 2013, FBI granted plaintiff's request for expedited processing.

38. FBI states that this paragraph consists of a legal conclusion, to which no response is required. To the extent that a response is required, FBI denies.

39. FBI admits that, to date, it has processed 1,340 pages, released 1,080 in part or in full, and withheld 260 pursuant to Freedom of Information Act exemptions and/or consisting of duplicates. On or about June 25, 2015, the FBI plans to release approximately 8 additional pages out of 41 pages reviewed. The FBI currently anticipates completion of processing by September 2015. Otherwise, FBI denies

40-51. These paragraphs pertain only to NSA, which will answer in the event the Court denies its dispositive motion.

52. This paragraph repeats and re-alleges paragraphs 1 through 51. To the extent a response is deemed required, FBI and DIA respectfully refer the Court to its responses to the specific preceding paragraphs.

53. FBI admits; DIA denies. CIA and NSA will answer in the event their dispositive motions are denied.

54. DIA denies. CIA and NSA will answer in the event their dispositive motions are denied. This paragraph contains no allegation with respect to FBI.

55. This statement contains plaintiff's legal conclusion to which no answer is required, but insofar as an answer is deemed required, FBI and DIA deny. CIA and NSA will answer in the event their dispositive motions are denied.

56. This statement contains Plaintiff's legal conclusion to which no answer is required, but FBI admit that it granted a waiver of fees by letter dated May 28, 2014 because it had multiple requests for the same information and was placing all information on the Vault. DIA did not address plaintiff's request request for a fee waiver.

57. The statement contains Plaintiff's legal conclusion to which no answer is required, but insofar as an answer is deemed required, deny.

58. This statement contains Plaintiff's legal conclusion to which no answer is required, but insofar as an answer is deemed required, deny.

59. The statement contains Plaintiff's legal conclusion to which no answer is required, but insofar as an answer is deemed required, deny.

60. The statement contains Plaintiff's legal conclusion to which no answer is required, but insofar as an answer is deemed required, deny.

REQUEST FOR RELIEF

1-4. The allegations contained in these paragraphs consist of plaintiff's request for relief, to which no answer is required, but insofar as an answer is deemed required, FBI and DIA deny that plaintiff is entitled to the requested relief, including relief requested that is not

cognizable under the FOIA, or any relief whatsoever.

Each and every allegation not heretofore expressly admitted or denied is denied.

Respectfully submitted,

VINCENT H. COHEN, JR., DC BAR # 471489
United States Attorney for the District of Columbia

DANIEL F. VAN HORN, DC BAR # 924092
Chief, Civil Division

By: ___*/s/ Damon Taaffe*________
DAMON TAAFFE
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2544